Pike Fabrication, Inc. (hereinafter referred to as "Pike"), the defendant in an action pending in the Coffee Circuit Court, petitions for a writ of mandamus directing the trial court to vacate its order denying Pike's motion to transfer the action to Pike County. We grant the petition and issue the writ.
 Facts and Procedural History
In 1995, Dorsey Trailer, Inc. (hereinafter referred to as "Dorsey I"), a company whose principal place of business was located in Coffee County, developed a process for manufacturing foam-core shelving to be used in trailers and vans. Pike, whose principal place of business is located in Pike County, proposed to fabricate the shelving using Dorsey I's process. Pursuant to an agreement, Dorsey I provided Pike with the formulas, patterns, and techniques for manufacturing the foam-core shelving. In December 2000, Dorsey I filed bankruptcy. In June 2001, Dorsey Trailer Company, Inc. (hereinafter referred to as "Dorsey II"), whose principal place of business is also located in Coffee County, was incorporated and purchased all of Dorsey I's assets. On October 5, 2001, Dorsey II filed an action in the Coffee Circuit Court alleging that Pike illegally disclosed, marketed, or otherwise made use of the confidential formulas and processes for the foam-core shelving that, it says, belonged to Dorsey II after it purchased all of Dorsey I's assets. Dorsey II's complaint sought injunctive relief in addition to compensatory and punitive damages for alleged violations of the Alabama Trade Secrets Act, conversion, breach of fiduciary duty, and tortious interference with a business relationship. On October 19, 2001, Pike filed a motion to dismiss based on improper venue, or alternatively, a motion to transfer the case to Pike County. With its motion, Pike filed the affidavit of Charles Senn, an officer of Pike.
Dorsey II did not respond to Pike's motion. On November 8, 2001, the trial court entered the following order denying Pike's motion: "Motion to Dismiss by Defendant *Page 1091 
is denied. `Motion To Transfer Venue' by Defendant is — at this time denied. However, the Court reserves authority to revisit this issue."
Pike petitions this Court for a writ of mandamus directing the trial court to transfer this action from the Coffee Circuit Court to the Pike Circuit Court. For the reasons discussed below, we grant the petition and issue the writ.
 Standard of Review
"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus." Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888
(Ala. 2000). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parteIntegon Corp., 672 So.2d 497, 499 (Ala. 1995). Moreover, our review is limited to those facts that were before the trial court. Ex parteNational Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998).
"The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge." Ex parte Finance America Corp.,507 So.2d 458, 460 (Ala. 1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party's brief that was not before the trial court. Ex parte American Res. Ins. Co.,663 So.2d 932, 936 (Ala. 1995).
 Analysis
The sole issue presented by Pike is whether, based on the evidence before the trial court at the time it denied Pike's motion, the trial court should have transferred the case from Coffee County to Pike County.
"The question of proper venue for an action is determined at the commencement of the action." Ex parte Pratt, 815 So.2d 532, 534 (Ala. 2001); see also Rule 82(d)(1), Ala.R.Civ.P. "If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper." Exparte Overstreet, 748 So.2d 194, 196 (Ala. 1999).
Section 6-3-7, Ala. Code 1975, governs venue for actions against corporate defendants. That section provides:
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."
A party may submit evidentiary material in support of a motion to dismiss *Page 1092 
attacking venue. Ex parte D.M. White Constr. Co., 806 So.2d 370,372 (Ala. 2001). In support of its motion to change venue, Pike offered the affidavit testimony of Charles Senn, an officer of Pike. In the affidavit, Senn stated:
 "1. My name is Charles Senn . . . . I am an incorporator, President, and a member of the Board of Directors of Pike Fabrication, Inc.
 "2. [Pike] is an Alabama Corporation with its principal place of business, as well as its only place of business, in Brundidge, Pike County, Alabama.
 "3. At the time that this action was filed and continuing to date, [Pike] did not have and does not have any ongoing operations in Coffee County, Alabama; did not have and does not have any long-term projects in Coffee County, Alabama; did not have and does not have any employees in Coffee County, Alabama; did not and does not do business by agent in Coffee County, Alabama; and did not and does not own any real property in Coffee County, Alabama.
 "4. Prior to [Dorsey I's] filing bankruptcy in December 2000, [Pike] did business with [Dorsey I]. Specifically, [Pike] manufactured products for [Dorsey I]. These products were manufactured by [Pike] in Brundidge, Pike County, Alabama. Moreover, the materials needed to manufacture these products were shipped directly to [Pike's] place of business, and the finished products were picked up by [Dorsey I] at this same location. Further, [Dorsey I] sent its payment to [Pike's] place of business in Brundidge, Pike County, Alabama.
 "5. [Pike] has never done any business with [Dorsey II]. The only contact [Pike] has had with [Dorsey II] was two visits that I made in June and July 2001, to inquire about a lease and/or purchase which was never consummated.
 "6. With regard to [Dorsey II's] complaint, all of the alleged acts occurred in Brundidge, Pike County, Alabama. Specifically, all of the shelving products were manufactured by [Pike] in Brundidge, Pike County, Alabama, and none of these shelving products were manufactured in Coffee County, Alabama."
Once Pike made a prima facie showing that it did not do business by agent in Coffee County, the burden shifted to Dorsey II to prove that Pike did in fact conduct business in Coffee County. Ex parte R.E.Garrison Trucking, Inc., 720 So.2d 946, 949 (Ala.Civ.App. 1998). However, Dorsey II did not respond to Pike's motion.[1] Therefore, the only evidence before the trial court when it ruled on the change-of-venue motion indicated that Pike's principal and only place of business was in Pike County, that all business transactions between Dorsey I and Pike were performed in Pike County, that Pike never conducted any business in Coffee County, and that Pike had no agents working in Coffee County. In addition, Pike has not had any business transactions with Dorsey II other than the two inquiries by Senn about possible leases.
Dorsey II asserts that venue is proper in Coffee County under §6-3-7(a)(1), (3), or (4). For venue to be proper in Coffee County under § 6-3-7(a)(1), "a *Page 1093 
substantial part of the events or omissions giving rise to the claim" must have occurred there. The only evidence before the trial court undisputedly shows that the "events or omissions" occurred in Pike County, not in Coffee County; therefore, § 6-3-7(a)(1) does not support Dorsey II's argument. In addition, § 6-3-7(a)(3) and (4), Ala. Code 1975, require that for venue to be proper in Coffee County Pike "[do] business by agent" there. This Court has stated that "`[a] corporation "does business" in a county for purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created.'" Ex parte Wiginton 743 So.2d 1071, 1074-75
(Ala. 1999) (quoting Ex parte SouthTrust Bank of Tuscaloosa, N.A.,619 So.2d 1356, 1358 (Ala. 1993)). Furthermore, "isolated transactions" in the past are inconclusive in determining venue. Ex parte Jim SkinnerFord, Inc., 435 So.2d 1235, 1236 (Ala. 1983). We find that the two inquiries made in Coffee County by Pike's president regarding possible leases were not conduct sufficiently regular as to constitute doing business for purposes of the venue statute. Thus, Dorsey II has failed to demonstrate that venue in Coffee County is proper.
Next, Dorsey II argues that the trial court's order denying Pike's motion for a change of venue was a temporary order and that the trial court delayed a decision on the issue of venue until such time as Dorsey II could respond to Pike's motion. However, this argument is not supported by the record. The record does not show that the trial court ever asked Dorsey II to respond to Pike's motion. Rather, Dorsey II petitioned the trial court to be allowed to respond to Pike's motionafter the trial court had denied the motion and after Pike had petitioned this Court for a writ of mandamus. See note 1.
In any event, the law is clear that venue is to be determined at the commencement of the action. Ex parte Pratt, 815 So.2d at 534. Moreover, if venue is shown to be improper, the case must be transferred. Ex parteOverstreet, 748 So.2d at 196. We believe that the trial court's denial of Pike's motion for a change of venue while reserving for an unlimited time the right to revisit the issue effectively traps Pike in an improper venue. We hold that, based on the evidence before it at the time of its ruling, the trial court should have granted Pike's motion for a change of venue, and we direct the trial court to vacate its order denying the motion and to transfer the action to Pike County.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, LYONS, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] We note that after Pike filed its petition for a writ of mandamus with this Court, Dorsey II filed a motion in the Coffee Circuit Court requesting that it be allowed to present materials in response to Pike's motion for a change of venue. The trial court subsequently granted Dorsey II's motion, and Dorsey II includes those materials in its brief to this Court. However, this Court "cannot consider a statement or evidence in a party's brief that was not before the trial court" when it decided the motion being challenged. Ex parte American Res. Ins. Co., 663 So.2d at 936.