BOLIN, Justice.
The Alabama State Board of Chiropractic Examiners (“the Board”), on December 13, 2005, filed administrative complaints against Steve Silver, Dr. Dawn Havel, and Dr. Jason Hart (collectively referred to as “the defendants”), alleging that they had violated § 34-24-166(b)(16),[1] Ala.Code 1975, by advertising in a manner that violated the rules and regulations established by the Board. Specifically, the Board alleged that certain language and phrases used in the defendants’ advertising violated Ala. Admin. Code (Ala. State Bd. of Chiropractic Examiners), Rule 190-X-5.04(3)(a) through (f). Silver is the sole stockholder of Silver Chiropractic Group, Inc., d/b/a Sturbridge Chiropractic. Silver Chiropractic Group holds the license under which Sturbridge Chiropractic operates, and its principal place of business is located in Montgomery County. Silver is not a chiropractor. Dr. Havel and Dr. Hart are licensed chiropractors who are employed by Sturbridge Chiropractic.
The defendants answered the administrative complaints on January 19, 2006, alleging that the Board’s investigative process is unconstitutionally tainted in violation of the Due Process Clause; that Rule 190-X-5.04(3)(a) through (f) violates then-right to free speech; that Rule 190-X-5.04(3)(a) through (f) is unconstitutional because it is unduly vague; and that Rule 190-X-5.04(3)(a) through (f) violates their right to due process because it impermissi-bly shifts the burden of proof from the Board to the defendants. Dr. Havel and Dr. Hart each asserted as an additional defense that as employees of Sturbridge Chiropractic they had no knowledge of the advertising before its placement and that as employees they did not have authority to place advertising. Silver asserted as an additional defense that he is not subject to the disciplinary rules of the Board because he is not a licensed chiropractor and therefore is not subject to § 34-24-166, Ala. Code 1975. He contended that under Rule 190-X-5.04(3), only a chiropractor who engages in advertising is subject to discipline.
On February 23, 2006, the Board sued Silver, Dr. Havel, and Dr. Hart in the Chilton Circuit Court, the county where the Board’s offices are located, seeking the following injunctive relief: preventing Sil *924 ver from practicing chiropractic medicine without being licensed to do so; preventing Dr. Havel and Dr. Hart from aiding or abetting Silver’s unlawful practice of chiropractic medicine; and preventing the defendants from disseminating any advertisement without Dr. Havel and Dr. Hart first approving the advertisement. Although not expressly requested in the complaint filed in the circuit court, the Board states in its answer and brief to this Court that it also sought a judgment declaring whether the Board had jurisdiction over Silver.
On March 10, 2006, the defendants, relying upon § 6-3-2, Ala.Code 1975, moved the Chilton Circuit Court to dismiss the Board’s complaint for lack of proper venue or, in the alternative, to transfer the action to the Montgomery Circuit Court, where, they alleged, venue was proper. The defendants supported their motion with affidavits in which each defendant testified that he or she resided in Montgomery County; that he or she was employed in Montgomery County; and that all acts complained of occurred in Montgomery County.
The Board amended its complaint on March 29, 2006, to add Silver Chiropractic Group, a domestic corporation, as a defendant. The Board at the same time responded to the defendants’ motion to dismiss or to transfer, by arguing that venue against a domestic corporation is proper in the county where the plaintiff resides and that if venue is proper as to one defendant it is proper as to all defendants. The Board also asserted that the defendants would not be inconvenienced by defending the action in Chilton County because applications for licenses and permits are submitted to the Board’s offices in Chilton County; all the Board’s records relating to the defendants are maintained in Chilton ¡County; all disciplinary meetings relating to license and permit holders are conducted in Chilton County; the Board’s executive secretary and other staff who would be witnesses in this matter reside in Chil-ton County; Chilton County is less than an hour’s drive from Montgomery County; and the defendants’ affidavits are silent as to whether any individuals treated by the doctors at Sturbridge Chiropractic reside or work in Chilton County.
On March 29, 2006, the defendants, which now included Silver Chiropractic Group, replied to the Board’s response to their motion to dismiss or to transfer, arguing that Silver Chiropractic Group did not regularly perform chiropractic services in Chilton County and, therefore, that venue was not proper in Chilton County pursuant to § 6-3-7(a)(3) or (4), Ala.Code 1975. The defendants supported their motion with Silver’s affidavit stating that neither Silver Chiropractic Group nor Stur-bridge Chiropractic conducts business in Chilton County.
Following a hearing, the trial court, on April 5, 2006, entered an order denying the defendants’ motion to dismiss the action or to transfer the action to the Montgomery Circuit Court.
The defendants petition this Court for a writ of mandamus directing the trial court to vacate its order of April 5, 2006, denying the motion to transfer the action to the Montgomery Circuit Court and to enter a new order transferring the Board’s action to the Montgomery Circuit Court.

Standard of Review

This Court has stated:
“ ‘The burden of proving a duty to transfer [an action] is on the party raising the issue.’ Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994), citing Ex parte Ralston, 519 So.2d 488 (Ala.1987), and Ex parte Finance America Corp., 507 So.2d 458 (Ala.1987).
“ ‘A petition for the writ of mandamus is the proper procedure for chai- *925 lenging a trial court’s refusal to transfer an action based on improper venue. Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994). A writ of mandamus is appropriate when the petitioner makes a clear showing of error on the part of the trial court. Id.’
“Ex parte Children’s Hosp. of Alabama, 721 So.2d 184, 186 (Ala.1998). The standard for determining whether a writ of mandamus will issue is as follows:
“ ‘A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).’
“Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). ‘This Court reviews mandamus petitions seeking review of a venue determination by asking whether the trial court exceeded its discretion in granting or denying the motion for a change of venue.’ Ex parte Perfection Siding, Inc., 882 So.2d 307, 310 (Ala.2003) (citing Ex parte Scott Bridge Co., 834 So.2d 79, 81 (Ala.2002)).”
Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004).

Discussion

A. The Individual Defendants

The individual defendants rely on § 6-3-2, Ala.Code 1975, and argue that venue is proper in Montgomery County because each individual defendant resides in Montgomery County. The Board contends that the defense asserted by Dr. Havel and Dr. Hart in their answers to the administrative complaints — each denied any knowledge or control over the advertising made the basis of the administrative complaints — was not applicable and that they had violated Rule 190-X-5.04. The Board contends that it was the position of Dr. Havel and Dr. Hart in their answers to the administrative complaints that prompted the Board to file the action in the Chilton Circuit Court. Consequently, the Board claims, the act or omission that gave rise to the Board’s action in the Chilton Circuit Court was the filing of the answers to the administrative complaints. Therefore, the Board contends, because the answers to the administrative complaints were filed in Chilton County, the act or omission complained of occurred in Chilton County, and venue is proper in Chilton County.
With regard to what constitutes proper venue as to individual defendants, § 6-3-2, Ala.Code 1975, provides, in part, as follows:
“(a) In proceedings of a legal nature against individuals:
[[Image here]]
“(3) All ... personal actions [other than actions for the recovery of land, possession thereof, or trespass or actions on contracts], if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.
“(b) In proceedings of an equitable nature against individuals:
*926 [[Image here]]
“(3) Except as may be otherwise provided, actions must be commenced in the county in which the defendant or a material defendant resides.”
It is undisputed that Silver, Dr. Havel, and Dr. Hart all reside in Montgomery County. Therefore, venue is proper in Montgomery County, unless the act or omission complained of occurred in Chilton County, in which case venue would also be proper in that county.
The complaint filed by the Board in the Chilton Circuit Court sought injunctive relief prohibiting Silver from practicing chiropractic medicine without being licensed to do so; preventing Dr. Havel and Dr. Hart from aiding or abetting Silver’s unlawful practice of chiropractic medicine; and preventing the defendants from disseminating any advertisement without Dr. Havel and Dr. Hart first approving the advertisement. These alleged “act[s] or omission[s] complained of’ necessarily occurred in Montgomery County, where Sturbridge Chiropractic is located and where Dr. Havel and Dr. Hart are employed, and not in Chilton County, where the individual defendants filed their answers to the administrative complaints. Therefore, venue as to the individual defendants is proper in Montgomery County, and not Chilton County.

B. The Corporate Defendant

The Board amended its complaint in the circuit court to add as a defendant Silver Chiropractic Group, the holder of the license for Sturbridge Chiropractic. Section 6-3-7, Ala.Code 1975, provides, in part, as follows:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivision!] (1), (2), or (3) do[es] not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
The defendants argue that Silver Chiropractic Group does not do business in Chilton County; therefore, they argue, venue is proper in Montgomery County where Silver Chiropractic Group has its principal place of business. The Board relies on § 6—3—7(a)(3) and (4), and argues that Silver Chiropractic Group does business in Chilton County because its application for a license and for renewals of its license are submitted to the Board’s offices, which are located in Chilton County; any funds paid in connection with licensing are sent to and received at the Board’s offices in Chilton County; any meetings of the Board are conducted at its offices in Chilton County; and any dealings between the Board and its licensees — for example, any letters, telephone calls, and electronic mail received at or sent from the Board’s offices — are conducted in Chilton County.
“This Court has stated that ‘ “[a] corporation ‘does business’ in a county for purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created.” ’ ” Ex *927 parte Pike Fabrication, Inc., 859 So.2d 1089, 1093 (Ala.2002) (quoting Ex parte Wiginton, 743 So.2d 1071, 1074-75 (Ala.1999), quoting in turn Ex parte SouthTrust Bank of Tuscaloosa, N.A., 619 So.2d 1356, 1358 (Ala.1993)). The only business function for which Silver Chiropractic Group was created is to provide chiropractic services. The affidavits filed by the defendants indicate that those chiropractic services are performed only in Montgomery County. Once the defendants made a pri-ma facie showing that they did not do business in Chilton County, the burden then shifted to the Board to prove that the defendants did in fact conduct business in Chilton County. The Board failed to demonstrate that the defendants performed chiropractic services in Chilton County. Accordingly, venue as to Silver Chiropractic Group is proper in Montgomery County.
We conclude that the trial court exceeded its discretion in denying the defendants’ motion to transfer this action to the Montgomery Circuit Court and that the defendants have demonstrated a clear legal right to the relief they seek. Ex parte Sawyer, supra. Therefore, we grant the defendants’ petition for a writ of mandamus and direct the trial court to vacate its order denying the defendants’ motion to transfer and to enter a new order transferring the Board’s action to the Montgomery Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.

. Section 34-24-166(b) was amended effective July 1, 2006. The amendment deleted some subdivisions and renumbered the remaining subdivisions, so that the subdivision addressing advertising is now subdivision (13).