SHAW, Justice
(concurring specially).
I concur in the main opinion. I write separately only to emphasize that, to me, the dispositive issue in this case is whether the transporting of a handful of patrons by Greenetrack, Inc., from Pickens County to Greenetrack’s facility in Greene County was necessary in order to fulfill Greene-track’s principal corporate function, or, instead, whether it constituted the exercise of a corporate power incidental to its principal corporate function.
Greenetrack operates a gaming facility that, by law, must be operated exclusively in Greene County. In the period between May 2005 and February 2007, Greenetrack sent a bus or a van to various locations surrounding Greene County to pick up and transport patrons to its gaming facility. This service was free, and the riders were not obligated to patronize the Greenetrack facility. According to the materials before this Court, the bus or van had regularly scheduled stops in two communities in Pickens County and, during the period the shuttle service was running, picked up between one and four patrons in that county.
Under Ala.Code 1975, § 6-3-7(a)(3), venue for this action is proper in Pickens County if, at the time of the accrual of the cause of action, Greenetrack did business by agent in Pickens County. As the main opinion notes, whether relief is due to be granted based on this petition hinges on the meaning of the phrase “does business by agent.” In applying this phrase, the courts of this State have looked to whether the corporation performed in the county in question, with some regularity, some of the business functions for which it was created. Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1093 (Ala.2002). A'distinction has consistently been made between those business functions for which a corporation was created and the exercise of corporate powers that are incidental to those busi *456 ness functions. Ex parte Scott Bridge Co., 834 So.2d 79, 81 (Ala.2002). Not every act performed within the corporate powers of a corporation constitutes “doing business.” Id.
In Scott Bridge, this Court analyzed whether Scott Bridge Company, whose principal business was building bridges, was, for venue purposes, “doing business by agent” in Chambers County, where it purchased approximately $50,000 of supplies and equipment per year. 834 So.2d at 81. In holding that Scott Bridge was doing business in Chambers County, this Court took a broad view of what it meant to be “doing business,” stating:
“Scott Bridge notes that it is in the business of constructing bridges and it argues that because it has not built a bridge in Chambers County, it has not ‘done business by agent’ there. The business of Scott Bridge, however, should not be considered so narrowly. To fulfill its principal corporate function of building bridges, Scott Bridge must purchase parts, tools, and equipment with which to perform that principal corporate function. [The plaintiff] asserts, and Scott Bridge does not refute, that Scott Bridge buys from businesses located in Chambers County supplies that cost in excess of $50,000 a year.”
834 So.2d at 81 (emphasis added). This Court further noted that Scott Bridge “could presumably have purchased these materials elsewhere, and thus fulfilled its corporate purpose entirely outside of Chambers County, but spending more than $50,000 per year in Chambers County on materials necessary to bridge construction is sufficient to constitute ‘doing business’ in Chambers County,” and that “Scott Bridge’s primary business function of building bridges ... immediately and directly depends upon the transactions it has with its Chambers County suppliers.” 834 So.2d at 82 (emphasis added). As I read Scott Bridge, this Court essentially held that even though Scott Bridge had not performed in Chambers County, with some regularity, some of the business functions for which it was created (i.e., building bridges), venue was nonetheless proper in Chambers County because Scott Bridge was “doing business” there by engaging in an activity (i.e., the purchase of bridge-building supplies and equipment) that was absolutely essential to its ability to perform its principal corporate function (i.e., building bridges).[4]
In the present case, I see no indication that Greenetrack ever performed in Pick-ens County, with some regularity, some of the corporate functions for which it was created. Furthermore, application of the analysis in Scott Bridge does not, in my view, dictate that we hold here that venue in Pickens County is proper. Although it is correct that Greenetrack must have patrons come to its facility in Greene County in order for it to perform its principal corporate function of operating a gaming facility, I see nothing to suggest that Greenetrack must itself transport patrons to its facility in order to perform its principal corporate function. A company cannot build bridges without the supplies and equipment necessary for bridge construction. However, a company can operate a stationary gaming facility without providing transportation to the facility. It certainly cannot be said, given the negligible *457 number of persons transported to the Greenetrack facility from Pickens County (one to four), that Greenetrack must transport patrons from Pickens County in order to fulfill its principal corporate function. Although, as this Court noted in Scott Bridge, it may not always be easy to distinguish between acts done in the exercise of corporate functions and those done merely as an exercise of corporate powers incidental to those functions, I am satisfied that Greenetrack’s activities in Pickens County were, at best, the exercise of a corporate power incidental to the performance of its principal corporate function — operating a gaming facility in Greene County. Therefore, I concur to grant the petition and issue the writ.
SMITH, J., concurs.

. I question the conclusion reached in Scott Bridge that a corporation’s mere purchase of materials necessary to fulfill a principal corporate function actually equates, for purposes of § 6-3-7(a)(3), to the performance of the principal corporate function for which the corporation was created; however, this Court is not asked in the instant case to overrule Scott Bridge.