BRYAN, Judge.
 

 Jennifer Ann Vest (Herron) (“the mother”) petitions this court for a writ of mandamus directing the Elmore Circuit Court to vacate its order denying the mother’s motion to dismiss or transfer this postdi-vorce proceeding, which David Jeremy Vest (“the father”) commenced in the El-more Circuit Court. We deny the petition.
 

 Motion to Strike
 

 As a threshold matter, the father moves this court to strike (1) two pleadings attached to the mother’s mandamus petition that were filed in the Mobile Circuit Court and (2) statements in the mother’s petition and briefs based on those two pleadings. As the ground of his motion, the father asserts that those two pleadings were not before the Elmore Circuit Court when it denied the mother’s motion to dismiss or transfer. In support of his motion, the father submits an affidavit signed by the clerk of the Elmore Circuit Court. The clerk’s affidavit certifies that the pleadings attached to the affidavit constitute all the pleadings that were filed in
 
 *883
 
 the father’s postdivorce proceeding between June 25, 2010, the date the father commenced his postdivorce proceeding, and September 29, 2010, the date the El-more Circuit Court denied the mother’s motion to dismiss or transfer. The pleadings attached to the clerk’s affidavit do not include the two pleadings that are the subject of the father’s motion. In ruling on a petition for the writ of mandamus, “this [c]ourt is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.
 
 Ex parte American Res. Ins. Co.,
 
 668 So.2d 932, 986 (Ala.1995).”
 
 Ex parte Pike Fabrication, Inc.,
 
 859 So.2d 1089, 1091 (Ala.2002). Therefore, because the two pleadings that are the subject of the father’s motion were not before the El-more Circuit Court when it denied the mother’s motion to dismiss or transfer, we grant the father’s motion with respect to those two pleadings and any statements in the mother’s petition and briefs that are based solely on those two pleadings.
 

 Procedural History
 

 On June 25, 2010, the father filed in the Elmore Circuit Court a motion seeking a modification of the provision awarding the mother custody of the parties’ minor daughter in the parties’ divorce judgment, which had been entered by the Elmore Circuit Court in 2002, and a finding of contempt against the mother based on allegations that she had violated the divorce judgment by denying the father the visitation to which he was entitled by virtue of the visitation provision in the divorce judgment. On July 23, 2010, the mother filed a motion to dismiss the father’s postdivorce proceeding on the ground that venue was not proper in the Elmore Circuit Court because, she said, (1) she had previously commenced a postdivorce proceeding in the Mobile Circuit Court that was still pending and the father had neither objected to venue in that proceeding nor moved the Mobile Circuit Court to transfer that proceeding to the Elmore Circuit Court, and (2) neither party was then living in Elmore County and the father had lived in Mobile County for over two years.
 
 [1]
 
 On August 6, 2010, the mother amended her motion to assert an additional ground and to seek, as an alternative to dismissal, a transfer of the father’s postdivorce proceeding to the Mobile Circuit Court. The additional ground the mother asserted was that the father had waived any right he may have had to object to venue in the Mobile Circuit Court (1) by admitting in the mother’s postdivorce proceeding in Mobile Circuit Court that he had lived in Mobile County and (2) by failing to assert an objection to venue in the Mobile Circuit Court. Following a hearing, the Elmore Circuit Court, on September 29, 2010, en
 
 *884
 
 tered an order denying the mother’s motion.
 

 On November 8, 2010, the mother petitioned this court for a writ of mandamus. After a preliminary review of the petition, this court called for an answer to the petition and briefs in support of, and in opposition to, the mother’s petition.
 

 Standard of Review
 

 “A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue.
 
 Ex parte Sawyer,
 
 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’
 
 Ex parte Inverness Constr. Co.,
 
 775 So.2d 153, 156 (Ala.2000) (quoting
 
 Ex parte Gates,
 
 675 So.2d 371, 374 (Ala.1996));
 
 Ex parte Pfizer, Inc.,
 
 746 So.2d 960, 962 (Ala.1999).”
 

 Ex parte Children’s Hosp. of Alabama,
 
 931 So.2d 1, 5-6 (Ala.2005).
 

 “Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’
 
 Ex parte Finance America Corp.,
 
 507 So.2d 458, 460 (Ala.1987). ‘Our review is limited to only those facts that were before the trial court.’
 
 Ex parte Kane,
 
 989 So.2d 509, 511 (Ala.2008).”
 

 Ex parte De Vega,
 
 65 So.3d 886, 891 (Ala.2010).
 

 Analysis
 

 The mother argues that the El-more Circuit Court erred in denying her motion to dismiss or transfer the father’s postdivorce proceeding because, she says, § 6-5^40, Ala.Code 1975, bars the father’s postdivorce proceeding. Section 6-5-440 provides:
 

 “No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
 

 Regarding § 6-5-440, the supreme court has stated:
 

 “This Court has held that the obligation imposed on a defendant under Rule 13(a), Ala. R. Civ. P., to assert compulsory counterclaims, when read in conjunction with § 6-5-440, Ala.Code 1975, which prohibits a party from prosecuting two actions for the same cause and against the same party, is tantamount to making the defendant with a compulsory counterclaim in the first action a ‘plaintiff in that action (for purposes of § 6-5-440) as of the time of its commencement. See, e.g.,
 
 Ex parte Parsons & Whittemore Alabama Pine Constr. Corp.,
 
 658 So.2d 414 (Ala.1995);
 
 Penick v. Cado Systems of Cent. Alabama, Inc.,
 
 628 So.2d 598 (Ala.1993);
 
 Ex parte Canal Ins. Co.,
 
 534 So.2d 582 (Ala.1988). Thus, the defendant subject to the counterclaim rule who commences another action has violated the prohibition in § 6-5-440 against maintaining two actions for the same cause. We
 
 *885
 
 affirm the general rule expressed in these cases; to do otherwise would invite waste of scarce judicial resources and promote piecemeal litigation.”
 

 Ex parte Breman Lake View Resort, L.P.,
 
 729 So.2d 849, 851 (Ala.1999). The mother argues that the claim asserted in the post-divorce proceeding commenced by the father in the Elmore Circuit Court constitutes a compulsory counterclaim in the postdivorce proceeding she commenced in the Mobile Circuit Court and, therefore, that his commencement of a postdivorce proceeding in the Elmore Circuit Court violates § 6-5-440.
 

 Although the mother asserted in the Elmore Circuit Court that the post-divorce proceeding the father had commenced in that court was due to be dismissed or transferred due to the pendency of her previously commenced postdivorce proceeding in the Mobile Circuit Court, she neither cited § 6-5-440 to the Elmore Circuit Court in support of that assertion nor asserted in the Elmore Circuit Court that the claim asserted in the motion commencing the father’s postdivorce proceeding in the Elmore Circuit Court constituted a compulsory counterclaim in the mother’s postdivorce proceeding. In ruling on the mother’s mandamus petition, we cannot consider an argument that she did not present to the Elmore Circuit Court.
 
 See Ex parte American Res. Ins. Co.,
 
 58 So.3d 118, 121 n. 2 (Ala.2010) (“Restoration Coatings did not argue to the trial court that Mobile County was an improper venue under § 6-3-7(a), Ala.Code 1975. Thus, any such argument has been waived.”). Moreover, even if we could consider the mother’s argument that the claim asserted in the father’s motion constitutes a compulsory counterclaim barred by § 6-5-440, the mother did not establish in the Elmore Circuit Court that she was entitled to prevail on the merits of that argument because she did not file in the Elmore Circuit Court a copy of the pleading with which she commenced her postdi-vorce proceeding and, thus, failed to establish that the claim asserted in the father’s postdivorce proceeding was a compulsory counterclaim in her postdi-vorce proceeding in the Mobile Circuit Court. Therefore, we cannot hold that the Elmore Circuit Court erred in denying the mother’s motion to dismiss or transfer based on the mother’s argument that § 6-5-440 barred the father’s postdivorce proceeding.
 
 See Ex parte De Vega,
 
 supra, and
 
 Ex parte Pike Fabrication,
 
 supra.
 

 The mother also argues that the Elmore Circuit Court erred in denying her motion to dismiss or transfer because, she says, venue is not proper in the Elmore Circuit Court because, she says, the father had been residing in Mobile County for more than six months when the mother commenced her postdivorce proceeding in the Mobile Circuit Court. However, although the mother alleged in her motion to dismiss or transfer that venue was not proper in the Elmore Circuit Court because, she said, the father had been residing in Mobile County for over two years and she had been residing in Mississippi, she did not submit any evidence proving those allegations. In the absence of any evidence proving those allegations, we cannot hold that the Elmore Circuit Court erred in denying the mother’s motion to dismiss or transfer based on the mother’s second argument.
 
 Id.
 

 The mother also argues that the Elmore Circuit Court erred in denying her motion to dismiss or transfer because, she says, the father did not object to venue in her postdivorce proceeding in the Mobile Circuit Court and thereby waived any ob
 
 *886
 
 jection to venue in the Mobile Circuit Court. However, the mother did not submit to the Elmore Circuit Court the pleadings that had been filed in her postdivorce proceeding in the Mobile Circuit Court, and, consequently, there was no evidence before the Elmore Circuit Court proving that the father had waived his objection to venue in the Mobile Circuit Court. Therefore, we cannot hold that the Elmore Circuit Court erred in denying the mother’s motion to dismiss or transfer based on the mother’s third argument.
 

 Accordingly, the mother has not established that she has a clear legal right to an order compelling the Elmore Circuit Court to vacate its order denying the mother’s motion to dismiss or transfer; therefore, we deny the mother’s petition for a writ of mandamus.
 
 See Ex parte Children’s Hosp. of Alabama,
 
 supra.
 

 PETITION DENIED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Section 30-3-5, Ala.Code 1975, provides:
 

 "Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the said child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”