MALONE, Chief Justice.
Wright Brothers Construction Company, Inc. (“Wright Brothers”), and-GIBCO Construction, L.L.C. (“GIBCO”), both Tennessee corporations, petition this Court for a writ of mandamus directing the Walker Circuit Court to vacate its order denying their motion to transfer the underlying action to the Jefferson Circuit Court and to transfer the action. We grant the petition and issue the writ.

Factual Background and Procedural Histo'ry

In 2008 Roger Whited was involved in a two-vehicle accident at a quarry located northeast of Birmingham in Jefferson County. Both Whited and the driver of the other vehicle were employed by GIB-CO, who, along with Wright Brothers, was engaged in a project at the quarry. In 2010 Whited filed a complaint against Wright Brothers, GIBCO, and Sharon Gilbert, the owner and president of GIBCO, in the Walker Circuit Court seeking damages for personal injuries allegedly caused by the accident. In May 2010 Wright Brothers moved to transfer the action to Jefferson County, stating that Whited alleged in his complaint that he was a resident of Blount County, that the accident occurred in Jefferson County, and that therefore Jefferson County, not Walker County, was the proper venue for Whited’s action.
On June 29, 2010, Whited filed his response in opposition to Wright Brothers’ motion, stating that he was a resident of Walker County, not Blount County. Contemporaneously with that response in opposition, Whited also filed an amendment to his complaint stating that his statement that he was a resident of Blount County was a “clerical error.” Whited also alleged in his response that “Wright Brothers regularly does business [by agent] in Walker County, Alabama and has recently been engaged in major highway construction projects in Walker County.” Whited did not allege that Gilbert or GIBCO ever did business in Walker County but argued that venue in Walker County was proper as to them pursuant to Rule 82(c), Ala. R. Civ. P., which states, in pertinent part, that “[w]here several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.”
*819 The day after Whited filed his response in opposition, Wright Brothers filed a document it referred to as a supplement to its motion for a change of venue and reply to Whited’s response. In that supplement and reply, Wright Brothers stated that it once did business in Walker County but that it had not done business there since 2005. Therefore, Wright Brothers argued, Walker County was not a proper venue for Whited’s action because the proper time for determining venue is the commencement of an action. Wright Brothers attached to its supplement an affidavit of Penny West, Wright Brothers’ corporate secretary. In that affidavit, West testified that Wright Brothers does not have a registered agent or office in Walker County, does not regularly carry on any business in Walker County, and has not done business in Walker County since 2005.
In August 2010 Wright Brothers filed a second supplement to address questions raised at an intervening hearing on the venue issue. At that hearing, Whited apparently alleged that Wright Brothers is affiliated with Walker County Rock Products, Inc. (‘WCRP”), a corporation whose principal location is in Walker County. In the second supplement, Wright Brothers stated that Wright Brothers is separate and distinct from WCRP and that the two corporations merely share some officers. Wright Brothers also noted that WCRP is not a party to this action and that it had ceased business operations in 1999. Wright Brothers attached to its second supplement a second affidavit of West in which she testified that Wright Brothers and WCRP were separate and distinct corporations, that filings with the Alabama Secretary of State indicated that WCRP had not been “active” since at least 1999, and that WCRP had no role in the quarry project on the site of the accident giving rise to this action. Attached to West’s affidavit was a printout from the Secretary of State’s Web site, dated August 2, 2010, showing that the last annual report filed by WCRP was filed in 1999.
Also in August 2010 GIBCO filed a “renewed” motion to transfer and a reply to Whited’s response in opposition to Wright Brothers’ motion to transfer.[1] In that motion, GIBCO stated that GIBCO did not do business in Walker County. GIBCO also filed an affidavit of Sharon Gilbert in which she testified that GIBCO had never done any business or had an agent or office in Walker County.
After holding a second hearing on the venue question on April 7, 2011, the trial court denied Wright Brothers’ and GIB-CO’s motions on April 8, 2011. The trial court’s order stated in its entirety: “Defendants’ Motion to Transfer is hereby DENIED.”
Wright Brothers and GIBCO filed their joint petition for a writ of mandamus on May 20, 2011; this Court ordered answer and briefs from the parties on June 14, 2011. On June 28, 2011, the trial court entered an order entitled “Corrected Order Of April 8, 2011,” stating that it was entering the order pursuant to Rule 60(a), Ala. R. Civ. P. The “correction” to the one-sentence April 8, 2011, order comprised three pages of findings of fact, analysis, and legal conclusions, none of which, according to the materials before us, was suggested by Whited or the trial court at any earlier point in this action. The order purported to strike the affidavits proffered by Wright Brothers, finding the second one “false on its face.” The order based that conclusion on the trial court’s analysis of the affidavits as compared with eorpo- *820 rate filings with the Alabama Secretary of State. Whited filed his answer to the petition with this Court the next day, incorporating many of the arguments that appeared for the first time in the trial court’s June 28 order.[2] On July 13, 2011, Wright Brothers and GIB CO filed a reply brief with this Court addressing the new arguments raised in the trial court’s corrected order and in Whited’s answer.

Standard of Review

The parties disagree on the proper standard of review that applies to the trial court’s denial of the motions to transfer. Wright Brothers and GIBCO argue that their petition presents only an issue of statutory interpretation, making this Court’s standard of review de novo. Whited argues that the question on which the motions to transfer was decided — whether Wright Brothers was doing business in Walker County at either the time of the accident or at the commencement of this action — is a mixed question of law and fact.
“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.” Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000). This Court will issue a writ of mandamus ordering a trial court to transfer an action when the trial court’s denial of a motion for a change of venue presents “ ‘a clear showing of error,’ ” Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002) (quoting Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987)), or when the trial court has exceeded its discretion. Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 344 (Ala.2006); Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).

Discussion

“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).
*821 “ ‘The burden of proving improper venue is on the party raising the issue....’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte Pike Fabrication, 859 So.2d at 1091. If Wright Brothers and GIBCO made a prima facie showing that venue in Walker County was improper, the burden then shifted to Whited to rebut that showing. Ex parte Movie Gallery, Inc., 31 So.3d 104, 109 (Ala.2009).
Once venue has been shown to be improper, transfer of the action is mandatory. Ex parte Parker, 413 So.2d 1105, 1106 (Ala.1982). Rule 82(d)(1), Ala. R. Civ. P., provides: “When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.” (Emphasis added.)
The parties agree that Ala.Code 1975, § 6-3-7(a), governs the question of venue in this case. That statute provides, in pertinent part:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff’s residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
The parties agree that the event giving rise to this action occurred in Jefferson County and that Wright Brothers’ principal office in Alabama is not in Walker County. The parties agree that Whited resides in Walker County and that § 6-3-7(a)(3) would operate to establish venue in Walker County if Wright Brothers does business by agent in that county.
Wright Brothers had the burden of making a prima facie showing that it did not do business by agent in Walker County at the time of the accident or at the time Whited filed his complaint. Wright Brothers presented the affidavit of its corporate secretary stating that Wright Brothers had not done business in Walker County since 2005 and that it did not have an agent for service of process in Walker County. Whited countered by alleging, without proffering any supporting evidence, that Wright Brothers was affiliated with WCRP, an Alabama corporation with its principal place of business in Walker County. In response to that unverified allegation, Wright Brothers produced another affidavit of its corporate secretary stating that Wright Brothers and WCRP were separate and distinct corporate entities. Whited made no attempt to present any evidence to the contrary, although it was Whited’s burden to do so.
*822 Even assuming, as Whited did and as the trial court apparently did in issuing its corrected order, that Wright Brothers was affiliated with WCRP, Whited cites no authority, and we are aware of none, rendering venue proper in any county in which any affiliate of a named corporate defendant does business when that affiliate is not made a defendant to the action and is not alleged to have contributed in any manner to the events giving rise to the action. Cases cited by Whited support only the proposition that, when a subsidiary of a corporation is sued and venue is proper in the county where the subsidiary is sued, venue can also be proper as to the subsidiary’s parent company if, for example, the subsidiary is the means by which the principal is able to do business in the county in which venue is asserted, Ex parte Charter Retreat Hosp., Inc., 538 So.2d 787, 789-90 (Ala.1989), or there is some other corporate purpose served by the subsidiary that makes venue in the county proper, Ex parte Beard, 556 So.2d 384, 385-86 (Ala.1990). Here, Whited made no such allegation but alleged merely that WCRP was a subsidiary of, or otherwise affiliated with, Wright Brothers.
The affidavits of Wright Brothers’ corporate secretary comport with data provided by the Alabama Secretary of State, and the materials accompanying this petition provide no reason to doubt the veracity of the corporate secretary’s affidavits. Whited failed to submit any evidence in rebuttal and thereby failed to meet his eviden-tiary burden. The materials before us can support only the determination that, pursuant to § 6 — 3—7(a)(1), venue for this action is improper in Walker County and proper in Jefferson County. The materials before us therefore present a clear showing of error on the part of the trial court in denying the motions for a change of venue, and we therefore pretermit discussion of the remaining issues raised by the parties.

Conclusion

Because venue for the underlying action is proper in Jefferson County and not in Walker County, Wright Brothers and GIB-CO have a clear legal right to the order they seek. Because in this case transfer under § 6-3-7 and Rule 82(d)(1) is mandatory, the trial court had an imperative duty to transfer the case and refused to do so. The only proper legal remedy is a writ of mandamus. Wright Brothers and GIBCO have properly invoked the jurisdiction of this Court. Accordingly, we grant the petition and issue the writ directing the Walker Circuit Court to vacate its April 2011 and June 2011 orders denying the transfer and to transfer this action to the Jefferson Circuit Court.
PETITION GRANTED; WRIT ISSUED.
STUART, PARKER, and WISE, JJ., concur.
SHAW, J., concurs in the result.

. It appears that GIBCO’s August 2010 motion to transfer was the first such motion it filed; it did not join in Wright Brothers' May 2010 motion.

. We recognize that the filing of a petition for a writ of mandamus does not divest the trial court of jurisdiction or stay the case. Ex parte Denson, 57 So.3d 195, 197 (Ala.2010) ("The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order in perfecting a filing in the case.”). The trial court's June 28, 2011, order is not properly before this Court. We are called on to review the decision challenged by the mandamus petition. "[Tjhis Court is bound by the record, and it cannot consider a statement or evidence in a party's brief that was not before the trial court.” Ex parte Pike Fabrication, Inc., 859 So.2d at 1089, 1091 (Ala.2002). Likewise, the new arguments in Whited’s answer, apparently never presented to the trial court, that parallel that order likewise cannot be considered by this Court in determining whether Wright Brothers and GIBCO’s petition for a writ of mandamus is due to be granted. Otherwise, the trial court and Whited would be permitted to "sandbag” Wright Brothers’ and GIBCO’s arguments. Cf. Ex parte Pike Fabrication, 859 So.2d at 1093 ("We believe that the trial court's denial of Pike's motion for a change of venue while reserving for an unlimited time the right to revisit the issue effectively traps Pike in an improper venue.”); Fogarty v. Southworth, 953 So.2d 1225, 1232 n. 3 (Ala.2006) (noting the definition of "sandbag” as “ 'to conceal one’s true position ... in order to take advantage’ " of an opponent (quoting Merriam-Webster's Collegiate Dictionary 1100 (11th ed. 2003))).