THOMPSON, Presiding Judge.
Janel Melissa Lucas (“the mother”) petitions this court for a writ of mandamus directing the Tallapoosa Circuit Court (“the trial court”) to vacate its order denying her motion seeking to change venue of the underlying child-support-modification action to Talladega County and to enter an order transferring the -action to the Tal-ladega Circuit Court. For the reasons set forth below, we deny the petition.
The materials the mother submitted in support of her petition indicate the following.[1] The mother and Michael Todd Lucas (“the father”) were divorced by a judgment entered by the ■ Talladega Circuit Court in 2004. Pursuant to that judgment, the mother was awarded custody of the parties’ minor children and the father was ordered to pay child support. On February 20, 2014, the father filed in the trial court a petition to modify his child-support obligation, asserting that one of the parties’ children had been adopted by that child’s stepfather. Accordingly, the father says, there has been a material change in circumstances warranting a modification of his child-support obligation. In his petition, the father averred that the parties had lived in Tallapoosa County more than three years.
On March 21, 2014, the mother filed a motion seeking to transfer the action to Talladega County, where the parties were divorced. In support of her motion, the mother stated that she and the children had lived in Tallapoosa County since March 12, 2012. Because she had not lived in Tallapoosa County for three years, the mother said, venue remained in Tal-ladega County, and, therefore, she said, the father’s action should be transferred to Talladega County.
In her petition for a writ of mandamus, the mother states that the trial court held a hearing on the motion and received ore tenus testimony. She also states that a tape recording, was made of the hearing. After the hearing, the mother submitted a copy of what she said was the last page of *620 a lease she had signed on March 5, 2012, an addendum to the lease that she had signed that same day, and an unsworn statement from a man stating that the mother had lived with him in Sylacauga from 2005 until March 2012.[2] In the statement, the man said that the child he had had with the mother in 2009, five years after the parties divorced, had lived with the mother and him. The statement made no mention of the father’s children.
On June 4, 2014, the trial court entered an order denying the mother’s request to transfer the action to Talladega County. The mother then filed her petition for a writ of mandamus.
“A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
“The burden of proving improper venue is on the party raising the issue and on review of an order ... refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge. Ex parte Harrington Mfg. Co., 414 So.2d 74 (Ala.1982).” Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). See also Ex parte Wright Bros. Constr. Co., 88 So.3d 817, 821 (Ala.2012).
In her petition, the mother argues that, under the facts of this case, the trial court was required to transfer the action to Tal-ladega County. She correctly asserts that the matter of proper venue is not discretionary with the trial court. Ex parte Wright Bros. Constr. Co., 88 So.3d at 821 (“Once venue has been shown to be improper, transfer of the action is mandatory.”).
As the mother points out, § 30-3-5, Ala. Code 1975, governs the determination of venue in this action. That statute provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of *621 which party files the petition or other action.”
(Emphasis added.)
The mother contends that, at the hearing, she gave “unrebutted testimony” that she had not lived in Tallapoosa County for three consecutive years as the father had alleged. Therefore, she said, she had a “clear and unequivocal right to have the case transferred to Talladega County.” However, the materials the mother has provided to this court in support of her petition do not contain the audio recording of the hearing on the mother’s motion to transfer the action, a transcript of the ore tenus evidence the trial court received at that hearing, or a statement of that evidence pursuant to Rule 10(d), Ala. R.App. P. See Fowler v. Merkle, 564 So.2d 960, 962 (Ala.Civ.App.1990) (applying generally the Alabama Rules of Appellate Procedure to a petition for writ of mandamus). It is the petitioner’s responsibility to provide the parts of the record that are essential to an understanding of the matters set forth in the petition. Rule 21(a)(1)(E), Ala. R.App. P.
“An appellate court is confined in its review to the appellate reeord[;] that record cannot be ‘changed, altered, or varied on appeal by statements in briefs of counsel,’ and the court may not ‘assume error or presume the existence of facts as to which the record is silent.’ Quick v. Burton, 960 So.2d 678, 680-81 (Ala.Civ.App.2006). Accordingly, when, as in this case, ‘oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), A[la]. R. A[pp], P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.’ Rudolph v. Rudolph, 586 So.2d 929, 930 (Ala.Civ.App.1991).”
Beverly v. Beverly, 28 So.3d 1, 4 (Ala.Civ.App.2009).
Because the materials before us do not contain the recording or a transcript of the ore tenus evidence the trial court received at the hearing or a Rule 10(d) statement of that evidence, we must conclusively presume that that evidence was sufficient to support the findings of the trial court on which the judgment is based. Id. Moreover, we note that none of the documentary materials that the mother submitted to the trial court that are included in the materials before this court mention the residence of the child at issue. Additionally, the lease and addendum that the mother executed in March 2012 do not include the mother’s previous address. Although those documents indicate that the mother lived in Tallapoosa County in March 2012, they do nothing to prove that she did not live in Tallapoosa County before that time.
Based on the materials before us, we cannot say that the mother has demonstrated that she had a clear legal right to have this action transferred from the trial court to Talladega County. Accordingly, the mother’s petition for a writ of mandamus is denied.
PETITION DENIED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Michael Todd Lucas, the plaintiff in the case below, did not file an answer to the mother’s petition.

. We take judicial notice that Sylacauga is in Talladega County.