711 So.2d 992 (1998)
Ex parte DISCOUNT FOODS, INC.
(Re DISCOUNT FOODS, INC. v. SUPERVALU, et al.).
1962052.
Supreme Court of Alabama.
February 13, 1998.
Rehearing Denied March 20, 1998.
Robert R. Riley, Jr., of Hare, Wynn, Newell & Newton, Birmingham, for petitioner.
Jere F. White, Jr., William H. King III, and Robin H. Graves of Lightfoot, Franklin & White, L.L.C., Birmingham, for respondents *993 Supervalu, Inc., and Moran Foods, Inc., d/b/a Save-A-Lot, Ltd.
Judge Malcolm B. Street, Jr., pro se.
KENNEDY, Justice.
Discount Foods, Inc., the plaintiff in an action pending in the Calhoun Circuit Court, petitions for a writ of mandamus directing Judge Malcolm Street 1) to withdraw his order granting the defendants' motion to compel arbitration and to stay the proceedings and 2) to enter an order denying the defendants' motion.
On May 7, 1996, Discount Foods sued several related businesses (the Supervalu Company,[1] Save-a-lot, Ltd., and Gregorson's Holdings, Inc.)[2] and various other fictitiously named defendants. The complaint alleged that the defendants had tortiously interfered with Discount Foods' contractual and business relations; unfair competition; and violation of trade secret and antitrust law, with respect to Discount Foods' transaction with a third party to acquire a lease of commercial real estate in Anniston. Before trial, however, the named defendants moved to compel arbitration, based on an arbitration provision contained in retail agreements previously executed between Supervalu and Discount Foods for the supply of groceries and other inventory items to Discount Foods. The arbitration provision provided, in pertinent part:
"Any controversy or claim arising between the parties, including, but not limited to, disputes relating to this [a]greement, shall be resolved by binding arbitration...."
On June 16, 1997, the trial court granted the motion to compel arbitration as to all claims stated against Supervalu and its subsidiary, Save-A-Lot, and it stayed proceedings in the action.
Discount Foods argues that the trial court erred in compelling arbitration with regard to its present claims against Supervalu and its subsidiary, Save-a-lot. Discount Foods argues that the disputes involved in the present lawsuit are in no way associated with its contractual relations with Supervalu. Moreover, Discount Foods contends that the arbitration provision found in the retail agreements between Discount Foods and Supervalu was not intended by the parties to force arbitration in regard to allegations of intentional torts that are unrelated to their contractual dealings. We agree.
In Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), the United States Supreme Court held that the Federal Arbitration Act ("FAA") governs all contracts falling within Congress's power under the Commerce Clause. Allied-Bruce Terminix substantially changed the arbitration law of this State, which had previously been declared in Ala.Code 1975, § 8-1-41(3) ("The following obligations cannot be specifically enforced:... An agreement to submit a controversy to arbitration[.]"). The federal policy favoring arbitration was recognized by this Court in Allied-Bruce Terminix Companies v. Dobson, 684 So.2d 102 (Ala.1995), on remand following the United States Supreme Court's Allied-Bruce Terminix decision. In that opinion, this Court stated:
"`The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitratable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or like defense to arbitrability.'"
684 So.2d 102, 107, quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 942-42, 74 L.Ed.2d 765 (1983).
In Carl Gregory Chrysler-Plymouth, Inc. v. Barnes, 700 So.2d 1358 (Ala.1997), this Court noted that "[t]he first task of this *994 Court, when reviewing an arbitration provision, is to determine whether the parties agreed to arbitrate the dispute at hand." Id. at 1360. In noting that "[a] party cannot be required to arbitrate a dispute that he or she did not agree to arbitrate," this Court held that an arbitration provision, although broad, did not extend to a dispute over the intentional tort of a party to a contract when the tort did not concern the negotiations, terms and provisions, or any other aspect of the parties' contractual dealings. Id. at 1361. In the present case, Discount Foods alleges that Supervalu and its subsidiary Save-a-lot, not unlike the defendant in Carl Gregory Chrysler-Plymouth, committed an intentional tort, against Discount Foods. This intentional tort of interference with business relations stemmed not from the parties' contractual dealings, but from an alleged separate and distinct act by Supervalu and Save-a-lot. Although the trial court found that the arbitration provision contained in the retail agreements between the parties was broad enough to compel arbitration of this action, we cannot agree. The parties' arbitration provision, although broad, cannot be construed to encompass intentional torts of the parties that are separate and distinct from the dealings that gave rise to the signing of the document containing the arbitration provision in the first place. To hold otherwise would allow persons signing broad arbitration provisions to commit intentional torts against one another, which torts are outside the scope of their contemplated dealings, without concern that they might have to answer for their actions before a jury of their peers. Discount Foods' petition for the writ of mandamus is, therefore, due to be granted.
The trial court is directed to vacate its order granting the defendants' motion to compel arbitration and staying the proceedings, and to enter an order denying the defendants' motion to compel arbitration and for a stay of the proceedings.
WRIT GRANTED.
ALMON, SHORES, and COOK, JJ., concur.
BUTTS, J., concurs in the result.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.
HOOPER, Chief Justice (dissenting).
I must respectfully dissent. The main opinion concludes that arbitration cannot be compelled, because, it concludes, the arbitration clause is not broad enough to cover a dispute involving an intentional tort. I disagree. The arbitration clause reads: "Any controversy or claim arising between the parties, including, but not limited to, disputes relating to this [a]greement, shall be resolved by binding arbitration...." (Emphasis added.) I believe the clause is broad enough to include a dispute that does not directly relate to the parties' contract for the supply of groceries. Given the extraordinary nature of a writ of mandamus, I would hold that the trial judge had a rational basis for granting the motion to compel arbitration. Therefore, I would deny the petition for the writ of mandamus.
HOUSTON, Justice (dissenting).
I would affirm the order of the trial court; therefore, I dissent.
I look to the arbitration provision, which states:
"Any controversy or claim arising between the parties, including, but not limited to, disputes relating to the [a]greement, shall be resolved by binding arbitration...."
I then look to see if the action involves a controversy between the parties to the arbitration agreement. "Controversy" is defined as "a discussion marked esp. by the expression of opposing views: DISPUTE 2: QUARREL, STRIFE." Merriam Webster's Collegiate Dictionary (10th ed.1997).
The action pending in the Calhoun Circuit Court does involve a controversy between the parties to the arbitration agreement. Therefore, by contract, the parties have agreed to arbitrate that controversy.
MADDOX and SEE, JJ., concur.
NOTES
[1] The record indicates that several entities carry the name "Supervalu," "Supervalue Holdings," or similar names. The name "Supervalu" is spelled sometimes "SuperValu."
[2] The relationship of the defendant Gregorson's Holdings, Inc., to the other defendants and to the arbitration issue presented by this case is unclear. However, given our holding that the court erred in compelling arbitration, we need not ascertain whether Gregorson's would have been subject to the arbitration order.