BRYAN, Judge.
Jennifer Ann Vest (Herron) (“the mother”) petitions this court for a writ of mandamus directing the Elmore Circuit Court to vacate its April 13, 2011, order, which denied a renewed motion to dismiss and a second renewed motion to dismiss filed by the mother. We deny the petition.
This is the second time the mother and David Jeremy Vest (“the father”) have been before this court. In Ex parte Vest, 68 So.3d 881 (Ala.Civ.App.2011) (“Vest”), we denied the mother’s petition for a writ of mandamus directing the Elmore Circuit *567 Court to vacate its order denying the mother’s original motion to dismiss or to transfer this proceeding.

Procedural History

In Vest, we recited the relevant procedural history before our decision in that case:
“On June 25, 2010, the father filed in the Elmore Circuit Court a motion seeking a modification of the provision awarding the mother custody of the parties’ minor daughter in the parties’ divorce judgment, which had been entered by the Elmore Circuit Court in 2002, and a finding of contempt against the mother based on allegations that she had violated the divorce judgment by denying the father the visitation to which he was entitled by virtue of the visitation provision in the divorce judgment. On July 23, 2010, the mother filed a motion to dismiss the father’s postdivorce proceeding on the ground that venue was not proper in the Elmore Circuit Court because, she said, (1) she had previously commenced a postdivorce proceeding in the Mobile Circuit Court that was still pending and the father had neither objected to venue in that proceeding nor moved the Mobile Circuit Court to transfer that proceeding to the Elmore Circuit Court, and (2) neither party was then living in Elmore County and the father had lived in Mobile County for over two years. On August 6, 2010, the mother amended her motion to assert an additional ground and to seek, as an alternative to dismissal, a transfer of the father’s postdivorce proceeding to the Mobile Circuit Court. The additional ground the mother asserted was that the father had waived any right he may have had to object to venue in the Mobile Circuit Court (1) by admitting in the mother’s postdivorce proceeding in the Mobile Circuit Court that he had lived in Mobile County and (2) by failing to assert an objection to venue in the Mobile Circuit Court. Following a hearing, the Elmore Circuit Court, on September 29, 2010, entered an order denying the mother’s motion.
“On November 8, 2010, the mother petitioned this court for a writ of mandamus. After a preliminary review of the petition, this court called for an answer to the petition and briefs in support of, and in opposition to, the mother’s petition.”
68 So.3d at 884 (footnote omitted).
In Vest, we concluded that the mother had failed to establish that she had a clear legal right to an order compelling the El-more Circuit Court to vacate its order denying the mother’s original motion to dismiss or to transfer the action. Explaining our rationale, we stated:
“The mother argues that the Elmore Circuit Court erred in denying her motion to dismiss or transfer the father’s postdivorce proceeding because, she says, § 6-5-440, Ala.Code 1975, bars the father’s postdivorce proceeding. Section 6-5-440 provides:
“ ‘No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.’
“Regarding § 6-5^440, the supreme court has stated:
“ ‘This Court has held that the obligation imposed on a defendant under Rule 13(a), Ala. R. Civ. P., to assert compulsory counterclaims, when read in conjunction with § 6-5-440, Ala. *568 Code 1975, which prohibits a party from prosecuting two actions for the same cause and against the same party, is tantamount to making the defendant with a compulsory counterclaim in the first action a “plaintiff’ in that action (for purposes of § 6-5-440) as of the time of its commencement. See, e.g., Ex parte Parsons & Whittemore Alabama Pine Constr. Corp., 658 So.2d 414 (Ala.1995); Penick v. Cado Systems of Cent. Alabama, Inc., 628 So.2d 598 (Ala.1993); Ex parte Canal Ins. Co., 534 So.2d 582 (Ala.1988). Thus, the defendant subject to the counterclaim rule who commences another action has violated the prohibition in § 6-5-440 against maintaining two actions for the same cause. We affirm the general rule expressed in these cases; to do otherwise would invite waste of scarce judicial resources and promote piecemeal litigation.’
“Ex parte Breman Lake View Resort, L.P., 729 So.2d 849, 851 (Ala.1999). The mother argues that the claim asserted in the postdivorcé proceeding commenced by the father in the Elmore Circuit Court constitutes a compulsory counterclaim in the postdivorce proceeding she commenced in the Mobile Circuit Court and, therefore, that his commencement of a postdivorce proceeding in the El-more Circuit Court violates § 6-5-440.
“Although the mother asserted in the Elmore Circuit Court that the postdi-vorce proceeding the father had commenced in that court was due to be dismissed or transferred due to the pen-dency of her previously commenced postdivorce proceeding in the Mobile Circuit Court, she neither cited § 6-5-440 to the Elmore Circuit Court in support of that assertion nor asserted in the Elmore Circuit Court that the claim asserted in the motion commencing the father’s postdivorce proceeding in the Elmore Circuit Court constituted a compulsory counterclaim in the mother’s postdivorce proceeding. In ruling on the mother’s mandamus petition, we cannot consider an argument that she did not present to the Elmore Circuit Court. See Ex parte American Res. Ins. Co., 58 So.3d 118, 121 n. 2 (Ala.2010) (‘Restoration Coatings did not argue to the trial court that Mobile County was an improper venue under § 6-3-7(a), Ala.Code 1975. Thus, any such argument has been waived.’). Moreover, even if we could consider the mother’s argument that the claim asserted in the father’s motion constitutes a compulsory counterclaim barred by § 6-5-440, the mother did not establish in the El-more Circuit Court that she was entitled to prevail on the merits of that argument because she did not file in the Elmore Circuit Court a copy of the pleading with which she commenced her postdivorce proceeding and, thus, failed to establish that the claim asserted in the father’s postdivorce proceeding was a compulsory counterclaim in her postdi-vorce proceeding in the Mobile Circuit Court. Therefore, we cannot hold that the Elmore Circuit Court erred in denying the mother’s motion to dismiss or transfer based on the mother’s argument that § 6-5-440 barred the father’s postdivorce proceeding. See Ex parte de Vega [, 65 So.3d 886, 895 (Ala.2010) ], and Ex parte Pike Fabrication [, Inc., 859 So.2d 1089, 1091 (Ala.2002) ].
“The mother also argues that the El-more Circuit Court erred in denying her motion to dismiss or transfer because, she says, venue is not proper in the Elmore Circuit Court because, she says, the father had been residing in Mobile County for more than six months when the mother commenced her postdivorce *569 proceeding in the Mobile Circuit Court. However, although the mother alleged in her motion to dismiss or transfer that venue was not proper in the Elmore Circuit Court because, she said, the father had been residing in Mobile County for over two years and she had been residing in Mississippi, she did not submit any evidence proving those allegations. In the absence of any evidence proving those allegations, we cannot hold that the Elmore Circuit Court erred in denying the mother’s motion to dismiss or transfer based on the mother’s second argument. Id.
“The mother also argues that the El-more Circuit Court erred in denying her motion to dismiss or transfer because, she says, the father did not object to venue in her postdivorce proceeding in the Mobile Circuit Court and thereby waived any objection to venue in the Mobile Circuit Court. However, the mother did not submit to the Elmore Circuit Court the pleadings that had been filed in her postdivorce proceeding in the Mobile Circuit Court, and, consequently, there was no evidence before the Elmore Circuit Court proving that the father had waived his objection to venue in the Mobile Circuit Court. Therefore, we cannot hold that the El-more Circuit Court erred in denying the mother’s motion to dismiss or transfer based on the mother’s third argument.
“Accordingly, the mother has not established that she has a clear legal right to an order compelling the Elmore Circuit Court to vacate its order denying the mother’s motion to dismiss or transfer; therefore, we deny the mother’s petition for a writ of mandamus. See Ex parte Children’s Hosp. of Alabama, [931 So.2d 1, 5-6 (Ala.2005) ].”
68 So.3d at 882.
After we denied the mother’s petition for a writ of mandamus in Vest, the mother, on March 10, 2011, filed a renewed motion to dismiss the father’s postdivorce proceeding in the Elmore Circuit Court and, on April 8, 2011, filed a second renewed motion to dismiss the father’s post-divorce proceeding in the Elmore Circuit Court. The renewed motion to dismiss and the second renewed motion to dismiss asserted that the father’s postdivorce proceeding in the Elmore Circuit Court constituted a compulsory counterclaim in the postdivorce proceeding the mother had filed in the Mobile Circuit Court and, therefore, that the father’s postdivorce proceeding in the Elmore Circuit Court was barred by § 6-5-440, Ala.Code 1975. Those motions also asserted that the father’s postdivorce proceeding in the El-more Circuit Court should be dismissed because, the mother said, he had waived his objection to venue in the Mobile Circuit Court by failing to assert an objection to venue in the objection he had filed in response to the mother’s motion initiating her postdivorce proceeding in the Mobile Circuit Court. The mother attached to her motions certified copies of the motion she had filed to initiate her postdivorce proceeding in the Mobile Circuit Court and the objection that the father had filed in response. On April 13, 2011, the Elmore Circuit Court entered an order denying the mother’s renewed motion to dismiss and her second renewed motion to dismiss.
On April 14, 2011, the mother petitioned this court for a writ of mandamus. After a preliminary review of the petition, this court called for an answer to the petition and briefs in support of, and in opposition to, the mother’s petition.

Standard of Review

“A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte *570 Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 158, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
“Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d 509, 511 (Ala.2008).”
Ex parte de Vega, 65 So.3d 886, 891 (Ala.2010).

Analysis

Section 30-3-5, Ala.Code 1975, determines the proper venue for both the mother’s postdivorce proceeding and the father’s postdivorce proceeding. Section 30-3-5 provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the said child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
(Emphasis added.)
The record establishes the following material facts. The Elmore Circuit Court entered a judgment divorcing the mother and the father on March 20, 2002. The divorce judgment awarded the mother primary physical custody of the parties’ child and awarded the father visitation. The father filed a petition to modify the divorce judgment in the Elmore Circuit Court on September 7, 2005, and the mother filed an answer to the father’s petition and a petition for a rule nisi in the Elmore Circuit Court on September 8, 2005. On October 6, 2006, the mother and the father entered into an agreement modifying the divorce judgment and resolving the disputes that were the subject of the 2005 postdivorce proceeding. The mother remained the custodial parent of the parties’ child. Sometime between March 20, 2002 and October 6, 2006, the mother and the parties’ child moved to Mississippi. Some *571 time after October 6, 2006, the father moved to Mobile County. When the mother filed her postdivorce proceeding in the Mobile Circuit Court on June 10, 2010, she and the parties’ minor child had resided in Mississippi for the three-year period immediately preceding the filing of that proceeding, and the father was residing in Mobile County.
Because the mother and the parties’ child had not resided in a county in Alabama for a period of at least three consecutive years immediately preceding the filing of her postdivorce proceeding in the Mobile Circuit Court, § 30-3-5 dictated that the proper venue for the mother’s postdivorce proceeding was the Elmore Circuit Court, which was “the original circuit court rendering the final [divorce] decree.” The fact that the father, who was not the custodial parent, was residing in Mobile County when the mother filed her postdivorce proceeding was irrelevant to the determination of the proper venue of the mother’s postdivorce proceeding under § 30-3-5. The father subsequently filed his postdivorce proceeding in the Elmore Circuit Court, which was the proper venue for that proceeding under § 30-3-5.
Thus, in arguing that § 6-5-440 bars the father’s postdivorce proceeding because she had previously filed a postdi-vorce proceeding in the Mobile Circuit Court, the mother is asking this court to hold that one former spouse may race to the courthouse and file a postdivorce proceeding in an improper venue and thereby bar the other former spouse from filing a postdivorce proceeding in the proper venue. The mother has cited no binding precedent that dictates that result. Moreover, if we were to hold that § 6-5-440 dictates such a result, we would be encouraging former spouses to race to the courthouse and forum shop. Consequently, we hold that, under the particular circumstances of this case, § 6-5-440 does not bar the father’s postdivorce proceeding in the El-more Circuit Court.
The mother also argues that the father waived his objection to venue in the Mobile Circuit Court by failing to object to venue in the objection he filed in response to the motion the mother filed to initiate her postdivorce proceeding in the Mobile Circuit Court. However, we cannot consider that issue because the Mobile Circuit Court, the court in which the waiver allegedly occurred, is the proper court to rule on that issue in the first instance and we do not have a ruling on that issue by the Mobile Circuit Court before us. See Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992) (“[A]n issue raised on appeal must have first been presented to and ruled on by the trial court.”).
Athough the mother presents additional arguments in support of her mandamus petition, we cannot consider them because she did not present them to the Elmore Circuit Court. See Vest, 68 So.3d at 884.
Accordingly, the mother has not established that she has a clear legal right to an order compelling the Elmore Circuit Court to vacate its order denying the mother’s renewed motion to dismiss and her second renewed motion to dismiss; therefore, we deny the mother’s petition for a writ of mandamus. See Ex parte Children’s Hosp. of Alabama, supra.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, J, concur.
THOMAS and MOORE, JJ., concur in the result, without writings.