MALONE, Chief Justice.
Jennifer Ann Vest (Herron) petitioned this Court for certiorari review of the decision of the Alabama Court of Civil Appeals denying her second petition for a writ of mandamus in a child-custody matter. We granted Jennifer’s petition to examine the rationale applied by the Court of Civil Appeals, which appeared to be premised upon a perceived conflict between Ala. Code 1975, § 6-5-440, Alabama’s abatement statute, and Ala.Code 1975, § 30-3-5, the statute providing for venue in proceedings seeking modification of child-custody and child-support orders. Jennifer argues to this Court that the Court of Civil Appeals’ rationale conflicts with the mandate of § 6-5-440.
In Ex parte Vest, 130 So.3d 566 (Ala.Civ.App.2011), the Court of Civil Appeals examined what it apparently perceived as tension between §§ 6-5-440 and 30-3-5. The court held, in pertinent part:
*573 “[I]n arguing that § 6-5-440 bars the father’s postdivorce proceeding because she had previously filed a postdivorce proceeding in the Mobile Circuit Court, the mother is asking this court to hold that one former spouse may race to the courthouse and file a postdivorce proceeding in an improper venue and thereby bar the other former spouse from filing a postdivorce proceeding in the proper venue. The mother has cited no binding precedent that dictates that result. Moreover, if we were to hold that § 6-5-440 dictates such a result, we would be encouraging former spouses to race to the courthouse and forum shop. Consequently, we hold that, under the particular circumstances of this case, § 6-5-440 does not bar the father’s postdivorce proceeding in the Elmore Circuit Court.”
Vest, 130 So.3d at 571. We reject the race-to-the-courthouse rationale announced by the Court of Civil Appeals in Vest. Venue in a child-custody-modification action can be waived. See, e.g., S.D.F. v. A.K., 875 So.2d 326, 327-28 (Ala.Civ.App.2003) (holding that the mother had waived venue of ongoing custody-modification proceedings by referring to future proceedings, but not to the proceedings then pending, in objecting to venue); Russey v. Dunlap, 532 So.2d 630 (Ala.Civ.App.1988) (reversing a trial court’s sua sponte dismissal of a child-support-modification action and further determining that the father had waived objections to venue in that court).
It does not follow from the principle that venue in child-custody-modification proceedings can be waived that a forum-shopping parent can “file a postdi-vorce proceeding in an improper venue and thereby bar the other former spouse from filing a postdivorce proceeding in the proper venue,” Vest, 130 So.3d at 571, because the respondent parent can always object to venue in his or her first responsive pleading in the court in which venue is alleged to be improper. Nor does the requirement that a party object immediately to venue or waive the venue issue constitute a trap for the unwary, because Rule 12, Ala. R. Civ. P., has long provided that a defense of improper venue can be waived if omitted from the first responsive pleading.
We therefore reverse the judgment of the Court of Civil Appeals and remand this cause to that court for further consideration of § 6-5-440 and any other arguments that may have been pretermitted by the Court of Civil Appeals’ analysis.
REVERSED AND REMANDED.
WOODALL, BOLIN, PARKER, SHAW, and MAIN, JJ., concur.
STUART, MURDOCK, and WISE, JJ., concur specially.