BOLIN, Justice.
Jennifer Ann Vest (Herron) (“the mother”) petitioned this Court for certiorari review of the decision of the- Alabama Court of Civil Appeals affirming the El-more Circuit Court’s order ■ imposing a five-day jail sentence for contempt. The contempt order arose out of a ehild-custo-dy-modification action, which we now hold was improperly filed in the Elmore Circuit Court.

Fads and Procedural History

The mother and David Jeremy Vest (“the father”) were divorced in • 2002 in Elmore County. The mother was granted custody of the parties’ minor child, and the father was granted visitation. With the court’s permission, the mother moved to Mississippi. In 2006, the Elmore Circuit Court entered an agreement between the parties, modifying the father’s visitation in light of the mother’s move. The father moved to Mobile in 2006.
On June 10, 2010, the mother filed in the Mobile Circuit Court a motion seeking to suspend the father’s visitation and requesting supervised visitation and psychological counseling for the father and that the father pay for the child’s psychological counseling based on the mother’s allegations against the father. The father was living in Mobile at the time. On June 24, 2010, the father filed a response in the Mobile Circuit Court to the mother’s motion. The father did not object to the venue of the Mobile Circuit Court in his response.
On June 25, 2010, the father filed in the Elmore Circuit Court a motion to modify custody and a motion seeking to hold the mother in Contempt for not following the modified visitation schedule entered by the Elmore Circuit Court. Attached to the father’s motion was a child-support-information sheet on which the father’s address was listed as being in Mobile; On July 23, 2010, the mother filed a motion in the Elmore Circuit Court to dismiss the father’s postdivorce proceeding on the ground that venue was not proper in the Elmore Circuit Court béeause, she said, (1) she had commenced a postdivorce proceeding in the Mobile Circuit' Court that remained pending and the father had neither objected to venue in that proceeding nor moved the Mobile Circuit Court to transfer that proceeding to the Elmore Circuit Court, and (2) neither party was then living in Elmore County and the father had lived in Mobile County for “over two years.”
On August 6, 2010, the mother amended her motion to dismiss to further argue that the father had waived his right to object to venue in the Mobile Circuit Court by admitting that he lived in Mobile County. The mother again asked the Elmore Circuit Court to dismiss the father’s motion-to modify custody and to hold him in contempt. In the alternative, the mother sought to have the father’s motion transferred to the Mobile Circuit Court.
The Elmore Circuit Court held a hearing on the mother’s motion to dismiss during which the mother stated that she had introduced in the Elmore Circuit Court the motion filed in the Mobile Circuit Court without objection from, the father. The Elmore Circuit Court, on September 29, 2010, entered ah order denying the mother’s motion to dismiss. On November 8, 2010, the mother petitioned the Court of Civil Appeals for a writ of mandamus, which it denied, holding that the mother had failed to establish a clear legal right to mandamus relief. Ex parte Vest, 68 So.3d 881 (Ala.Civ.App.2011)(“Vest I ”).
After the Court of Civil Appeals denied the mother’s petition for a writ of manda *1052 mus, the mother, on March 10, 2011, filed a renewed motion to dismiss the father's postdivorce proceeding in the Elmore Circuit Court and, on April 8, 2011, filed a second renewed motion to dismiss the father’s postdivorce proceeding in the El-more Circuit Court. The renewed motion to dismiss and the second renewed motion to dismiss asserted that the father’s post-divorce proceeding in the Elmore Circuit Court was actually a compulsory counterclaim in the postdivorce proceeding the mother had filed in the, Mobile Circuit Court and,' therefore, that the father’s postdivorce proceeding in the Elmore Circuit Court was barred by § 6-5-440, Ala. Code 1975. Those motions also asserted that the father’s postdivorce proceeding in the Elmore Circuit Court should be dismissed because, the mother said, the father had waived his objection to venue in the Mobile Circuit Court by failing to assert an objection to venue in his response to the mother’s motion initiating her post-divorce proceeding in the Mobile Circuit Court. The mother attached to her motions certified copies of the motion she had filed to initiate her postdivorce proceeding in the Mobile Circuit Court, along with the father’s response to her motion. On April 13, 2011, the Elmore Circuit Court entered an order denying the motions to dismiss.
On April 14, 2011, the mother again petitioned the Court of Civil Appeals for a writ of mandamüs, which that court denied, holding as follows:
“Because the mother and the parties’ child had not resided, in a county in Alabama for a period of at least three consecutive years immediately preceding the filing of her postdivorce proceeding in the Mobile Circuit Court, § 30 — 3—5[, Ala.Code Í975,] dictated that the proper venue for the mother’s postdivorce proceeding was the Elmore Circuit Court, which was ‘the original circuit court rendering the final [divorce] decree.’ The fact that the father, who was not the custodial parent, was residing in Mobile County when the mother filed her post-divorce proceeding was irrelevant to’ the determination of the proper venue of the mother’s postdivorce proceeding under § 30-3-5. The father subsequently filed his postdivorce proceeding in the El-more Circuit Court, which was the proper venue for that proceeding under § 30-3-5,
“Thus, in arguing that § 6-5-440 bars the father’s postdivorce proceeding because she had previously filed a postdi-vorce proceedihg in the Mobile Circuit Court, the .mother is asking this court to hold that one former spouse may race to the courthouse and file a postdivorce proceeding, in an improper, venue and thereby bar. the other former spouse from filing a postdivorce proceeding in the proper venue. The mother has cited no binding precedent that dictates that result. Moreover, if we were to hold that § 6-5-440 dictates such a result, we would be encouraging former spouses to race to the courthouse and forum shop. Consequently, we hold that, under the particular circumstances of this case, § 6-5-440 does not bar the father’s postdivorce proceeding in the Elmore Circuit Court.”
Ex parte Vest, 130 So.3d 566, 571 (Ala.Civ.App.2011) (“Vest II”). The Court of Civil Appeals overruled the mother’s application for a rehearing on October 28,2011.
The mother petitioned this Court for certiorari review, and this Court granted the petition. We rejected the Court of Civil Appeals’ “race to the courthouse” rationale and stated:
“It does not follow from the principle that venue in child-custody-modification proceedings can be waived that a forum-shopping parent can ‘file a postdivorce *1053 proceeding in an improper venue and thereby bar the other former spouse irom filing a postdivorce proceeding in the proper venue,’ [Ex parte ] Vest, 130 So.3d [566] at 571 [ (Ala.Civ.App.2011) ], because the respondent parent can always object to venue in his or her first responsive pleading in the court in which venue is alleged to be improper. Nor does the requirement that a party object immediately to venue or waive the venue issue constitute a trap for the unwary, because Rule 12, Ala. R. Civ. P., has long provided that a defense of improper venue can be waived if omitted from the first responsive pleading.” ■
Ex parte Vest, 130 So.3d 572, 573 (Ala.2012)(“Vest III ”). We reversed the judgment of the Court of Civil Appeals and remanded the cause to that court for further consideration of § 6-5-440 and any other arguments pretermitted by that court’s earlier analysis.
On remand from this Court, the Court of Civil Appeals further considered the mother’s petition for a writ of mandamus in the context of whether the mother had waived the affirmative defense of simultaneous pending actions set out in § 6-5-440 and had failed to revive it before the Elmore Circuit Court entered its order of April 13, 2011. The Court of Civil Appeals noted that, because the mother had supported her motions mth material outside the pleadings, which the Elmore Circuit Court had considered, her motions to dismiss were automatically converted to motions for a summary judgment. The court thus concluded that the mother had waived -the affirmative defense set out in § 6-5-440 and had failed to revive that defense .before the trial court denied her motions for a summary judgment. Ex parte Vest, 130 So.3d 574 (Ala.Civ.App.2013) (“Vest IV”). The mother petitioned this Court for cer-tiorari review, which we denied on May 10, 2013. Ex parte Vest, 130 So.3d 580 (Ala.2013).
On May 14, 2013, the Elmore Circuit Court ordered the reinstatement of the father’s visitation. On May 20, 2013, the father filed a motion seeking to hold the mother in contempt for failing to deliver the child for visitation. That same day, the Elmore Circuit Court set a show-cause hearing for June 5, 2013. The mother’s counsel withdrew, and new counsel filed a motion on June 4, 20Í3, seeking, among other things, additional time, in which to respond. The, hearing was held on June 5, 2013, and neither the mother nor her counsel appeared. The court entered an order holding the mother in contempt arid imposing a five-day jail senterice. The mother appealed. The Court of Civil Appeals affirmed the trial court’s order, without an opinion. Vest v. Vest (No. 2120913, April 25, 2014), 181 So.3d 1058 (Ala.Civ.App.2014) (table). The mother sought rehearing, which the Court of Civil Appeals denied.
On June 20, 2014, the mother filed this petition for a writ of certiorari; with this Court asking us to review the Court of Civil Appeals’ affirmance of the trial court’s order holding the mother in contempt. Before consideration of the mother’s petition and without ordering answer and briefs in response tp the petition, we suspended the Rules of Appellate Procedure pursuant to Rule-2i Ala. R.App. P., and ordered the parties to show cause why this Court has authority to address the merits of the mother’s petition. In our order, we noted that two different circuit courts of this State presently purport to exercise jurisdiction over the dispute between the parties, thus giving rise to existing and potential conflicting orders con-: cerning the custody of the parties’ child. Our order was entered pursuant to this Court’s supervisory role as to courts of *1054 inferior jurisdiction. See Ex parte James, 886 So.2d 813, 833 (Ala.2002)(Houston, J., concurring specially) (“[T]he Supreme Court of Alabama has constitutionally grounded supervisory authority over the State courts of Alabama.”); Ala. Const. 1901, Art. VI, § 140 (Official Recomp.) (“The supreme court shall have original jurisdiction ... to issue such remedial writs or orders as may be necessary to give .it general supervision and control of courts of inferior jurisdiction.”). The parties were directed to address whether the issue of abatément had, in fact, been raised in the mother’s motion to dismiss filed in the Elmore Circuit Court action on July 23, 2010, and, if not, whether a failure to raise this defense constituted a waiver. In addition, the parties were directed to address the issue whether the decision of the Court of Civil Appeals in Vest TV would be binding on this Court under the doctrine of law of the case in light of this Court’s decisions in Ex parte Discount Foods, Inc., 789 So.2d 842, 846 n. 4 (Ala.2001)(holding that the law-of-the-case doctrine does not in all circumstances require rigid adherence to rulings made at an earlier stage of a case, particularly when the court is convinced that its prior decision is clearly erroneous or when an intervening or contemporaneous change in the law has occurred), and Papastefan v. B & L Construction Co., 385 So.2d 966, 967 (Ala.1980) (“The Supreme Court is not barred from re-examination of a previous ruling upon a subsequent appeal of the same case.”).

Discussion

In Vest TV, the Court of Civil Appeals concluded that the mother had waived the affirmative defense of § 6-5-440 because in her motion to dismiss filed on July 23, 2010,- the mother did not expressly cite § 6-5-440, nor did she state that the father’s postdivorce proceeding filed in the Elmore Circuit Court constituted a compulsory counterclaim to her post-divorce proceeding filed in the Mobile Circuit Court. Although the mother did not specifically cite § 6-5-440, the mother’s motion read as follows:
“Comes now, the [mother] ... and would object to the Motion of the [father] to Modify Custody and Hold the [mother] in Contempt as filed by the [father] on June 25, 2010, based upon improper venue and would further show that this matter is already pending before the Mobile County Circuit Court and in further support would show the following:
“1) There is currently pending, a previously filed Motion before the Circuit Court of Mobile County, Alabama....
“2) Venue is no longer proper in the Circuit Court of Elmore County, Alabama. Neither party resides in Elmore County, Alabama, the [father] having resided for greater than two (2) years in Mobile County, Alabama and the [mother] residing in the state of Mississippi.
“3) [The father] is well aware of the matters currently pending in Mobile County.... Furthermore, there has been no objection to venue in Mobile County nor Motion to Transfer or to assert the venue of Elmore County, Alabama, file[d] in the Mobile County case.
“4) Upon information and/or belief, the [father] is attempting to usurp the authority of the Circuit Court of Mobile County where jurisdiction and venue are proper.
“Wherefore the premises considered, [the mother] prays this Honorable Court dismiss and/or strike all motions of the [father] filed in Elmore County, Alabama until such time as the Circuit Court of Mobile County rules on the pending Motion plus any further and/or different relief this Court deems appropriate.”
*1055 Given the language of the mother’s motion, we disagree -with the Court of Civil Appeals’ conclusion that the mother failed to assert a defense pursuant to § 6-5-440.
We note that § 6-5-440 prohibits a plaintiff from prosecuting two actions simultaneously in differént courts of the State if the claims asserted in each action arose from the same underlying facts. In such a case, the defendant may require the plaintiff to elect which action will be prosecuted. Where the parties’ alignment (as plaintiff or defendant) in the original suit is reversed in the subsequent action, § 6-5-440 still applies, because it is designed to prohibit one party from twice prosecuting the same cause of action.
“ ‘The obligation imposed on a defendant under Rule 13(a), Ala. R. Civ. P., to assert, compulsory ■ counterclaims, when read in conjunction.with Ala.Code § 6-5-440, which prohibits a party from prosecuting two actions for the same cause and against the same party, is tantamount to making the defendant with a compulsory counterclaim in the first action a “plaintiff” in that action (for purposes of § 6-5-440) as of the time of its commencement.’ ”
Ex parte J.C. Duke &. Assocs., Inc., 4 So.3d 1092, 1094 (Ala.2008) (quoting Ex parte Breman Lake View Resort, L.P., 729 So.2d 849, 851 (Ala.1999)).
“The purpose of [§ 6-5-440] is to avoid multiplicity of suits and vexatious litigation.” Johnson v. Brown-Serv. Ins. Co., 293 Ala. 549, 551, 307 So.2d 518, 520 (1974). Section 6-5-440 protects á party currently defending one action from having to defend another action subsequently filed by the same plaintiff in a different court “for the same cause” and provides that “the pendency of the former is a good defense- to the latter.” See L.A. Draper & Son v. Wheelabrator-Frye, Inc., 454 So.2d 506 (Ala.1984). In sum, § 6-5-440 prohibits simultaneous actions for the same cause against the same parties.
In the present case, the father filed a motion ⅜ the Elmore Circuit Court to modify custody .of the parties’ minor child. In response, the mother, in her motion to dismiss,, clearly stated that there was an action pending in Mobile County involving the parties’ child of which the father was aware. She further alleged that venue was proper in Mobile County and that the father had not objected to venue in the Mobile Circuit Court. The mother requested that the Elmore Circuit Court dismiss the father’s motion to modify custody until such time as the Mobile Circuit Court addressed the- mother’s motion regarding the parties’ child and her allegations against the father. The mother’s motion cléarly put the father on notice of - the affirmative defense she was raising. ■
The Court of Civil Appeals in Vest TV went on to discuss whether the mother revived the affirmative defense of abatement under § 6-:5-440 when she renewed her motions to dismiss on March 10, 2011, and April 8, 2011. There is no need for this Court to address that portion of the Vest IV holding, however, because our discussion .necessarily turns on whether, under the facts of this case, we should apply the law-of-the-case doctrine.
As noted earlier, the law-of-the-case doctrine does not in all circumstances require rigid adherence to rulings made at an earlier stage of a case. In Ex parte Discount Foods, Inc., 789 So.2d 842 (Ala.2001) (“Discount Foods II”), this Court determined that-the Court’s opinion in Ex parte Discount Foods, Inc., 711 So.2d 992 (Ala.1998)(“Discount Foods I ”), had been predicated on an incorrectly decided plurality opinion. In note 4 of the opinion in Discount Foods II, we explained:
*1056 “This Court is not required under the doctrine of ‘law of the case’ to adhere to the decision in Discount Foods I. Generally, the Iaw-of-the-case doctrine provides that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the same case. The'purpose of the doctrine is to bring an end to litigation by foreclosing the possibility of repeatedly litigating an issue already decided. See Murphy v. FDIC, 208 F.3d 959 (11th Cir.2000); see, also, Blumberg v. Touche Ross & Co., 514 So.2d. 922 (Ala.1987). However, the law-of-the case doctrine does- not in all circumstances require- rigid adherence to rulings made at an earlier stage of a case. The doctrine directs a court’s discretion; .it does not limit a court’s power. The lawrof-the-case doctrine, is one of practice or court policy, not of inflexible law, and it will be disregarded when compelling circumstances call for the redeter-•mination of a point of law on a prior appeal; and this is particularly true whew the coúrt is convinced that its prior decision is clearly erroneous or where an intervening or contemporaneous change in-the law has occurred by an' overruling of former decisions or when súch a change has occurred by new precedent established by controlling authority. See State v. Whirley, 530 So.2d 861 (Ala.Crim.App.1987), rev’d on other grounds, 530 So.2d 865 (Ala.1988); Callahan v. State, 767 So.2d 380 (Ala.Crim.App.1999); Murphy v. FDIC, supra; United States v. Escobar-Urrego, 110 F.3d 1556 (11th Cir.1997); Heathcoat v. Potts, 905 F.2d 367 (11th Cir.1990). The decision in Discount Foods I failed to give effect to the parties’ contractual intent, as evidenced by the plain language of the arbitration provision; it, therefore, was - clearly erroneous. - In fact, this Court sub silentio disapproved the rationale pf Discount Foods I in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kirton, 719 So.2d 201 (Ala.1998), which was released.approximately four months after the opinion in Discount Foods I. In Kirton, this Court specifically noted: ‘[W]e conclude that the language of the arbitration provision in the 1995 customer agreement entered into between Merrill Lynch and Ms. Kirton is sufficiently broad to include any and all controversies between them, regardless of the- kind of controversy or the date on which the controversy occurred.’ 719 So.2d at 204.”
789 So.2d at 846 n. 4 (emphasis omitted; emphasis added).
Because the purpose of the law-of-the-case doctrine is to protect the settled expectations of the parties and to promote orderly development of the case, it should not be applied in the present case. The result of the Court of Civil Appeals’ erroneous conclusion regarding the waiver of abatement in Vest IV, which was compounded and prolonged by this Court’s denial of certiorari review on May 10, 2013, is to now have two circuit courts addressing custody issues relating to the same child. The’ father was aware of the •mother’s motion filed'in the Mobile Circuit Court on June 10, 2010, when he filed his motion , in the Elmore Circuit. Court on June 25, 2010. There is a significant risk of inconsistent results in those pending cases. In light of the facts that this case presents a domestic issue involving custody of a child, and that there is a distinct possibility that a sheriffs deputy could be handed competing custody orders from the Mobile Circuit Court and the Elmore Circuit Court .involving the child, we decline to apply the law-of-the-case doctrine here. Accordingly, we are not bound by the Court of Civil Appeals’ conclusion that the *1057 mother waived the affirmative defense of abatement. . .
In the present case, the Elmore Circuit Court erred in not recognizing the primacy of the Mobile action when the mother filed her motion to dismiss or to transfer the father’s motion to the Mobile Circuit Court. Subsequently, the Court of Civil Appeals erred in concluding that the mother had waived the affirmative defense of abatement. Accordingly, we hereby suspend the provisions of Rule 39(g) and (h), Ala. R.App. P., allowing the petitioner and the respondent to file a brief and to request oral argument, and we grant cer-tiorari review of the Court of Civil Appeals’ order affirming the Elmore Circuit Court’s order holding the mother in contempt and imposing a five-day jail sentence. See Ex parte Edwards, 986 So.2d 378 (Ala.2007) (suspending Rule 39(g) and (h) and summarily granting the writ of certiorari). We hold that the mother did not waive the affirmative defense of abatement under § 6-5-440. The Mobile. Circuit Court is the proper court to address the mother’s motion to suspend the father’s visitation because the mother filed her motion in the Mobile Circuit Court on June 10, 2010, and the father responded to that motion without challenging the venue of the Mobile Circuit Court. Accordingly, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for that court to issue an order directing the Elmore Circuit Court to decide whether to dismiss or to transfer the father’s motion to modify custody filed in that court on June 25, 2010.
WRIT GRANTED; REVERSED AND REMANDED.
MOORE, C.J., and STUART, PARKER, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs specially.
SHAW, J., dissents.
BRYAN, J., recuses himself.*