SHAW, Justice
(dissenting).
The case before us challenges the Court of Civil Appeals’ April 2014 decision affirming, without an opinion, the trial, court’s order holding Jennifer Ann Vest (Herron) (“Vest”) in contempt.[1] I believe that the contempt order is the only decision before us and the only decision that should be addressed. However, this Court asked the parties to file briefs on a different issue[2] — one that was settled in a 2013 Court of Civil Appeals’ decision[3] on which we have previously denied certiorari re *1058 view.[4] Vest answered our request; David Jeremy Vest filed a letter stating that he could not afford to pay his attorney to do the same.
The issue whether Vest waived her abatement defense by failing to properly raise it in a motion filed in 2010 in the Elmore Circuit Court is not an issue in this case. That issue was decided against her in the Court of Civil Appeals’ 2013 decision; Vest filed a certiorari petition in this Court challenging that decision, but this Court denied it. Justice Murdock’s reason for concurring with that denial is telling:
“I question' the conclusion reached by the Court of Civil Appeals in its opinion on remand from this Court that the mother in a post-divorce proceeding had waived her affirmative defense arising under Ala.Code 1975, § 6-5-440, by failing to assert that defense in a motion to dismiss or to transfer filed in that proceeding. Ex parte Vest, 130 So.3d 574 (Ala.Civ.App.2013). Because this waiver issue is not presented in the petition for certiorari review now before this Court, however, I concur in denying that petition.”
Ex parte Vest, 130 So.3d 580, 581 (Ala.2013) (Murdock, J., concurring specially) (emphasis added). I see nothing indicating that this Court clearly erred in denying that petition.
If Vest did not see the need to challenge the Court of Civil Appeals’ abatement ruling when the time was appropriate, then I am not persuaded that this Court, on its own initiative and without being asked by Vest to do so, should take the extraordinary step of suspending the Alabama Rules of Appellate Procedure to now address that issue. The Court of Civil Appeals’ decision before us involves whether Vest can be held in contempt, not whether she waived the abatement issue. We are reversing the 2014 decision of the Court of Civil Appeals on a purported error found in a completely different 2013 decision of that court, which Vest failed to propeiiy challenge in this Court. I respectfully dissent.

.Vest v. Vest (No. 2120913, April 25, 2014), 181 So.3d 1058 (Ala.Civ.App.2014) (table).

. I dissented from that order.

. Ex parte Vest, 130 So.3d 574 (Ala.Civ.App.2013).

. Ex parte Vest, 130 So.3d 580 (Ala.2013).